**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-1570**

─────────────

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Plaintiff - Appellee,

v.

MATTHEW MEDGYESY; KIMBERLY MEDGYESY,

Defendants - Appellants.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Greenville. Mary G. Lewis, District Judge. (6:12-cv-00044-MGL)

─────────────

Submitted: February 27, 2015          Decided: May 5, 2015

─────────────

Before KEENAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Jeffrey A. Merriam, S. Brook Fowler, CARTER, SMITH, MERRIAM, ROGERS & TRAXLER, PA, Greenville, South Carolina, for Appellants. T. David Rheney, Stephanie G. Flynn, GALLIVAN, WHITE & BOYD, P.A., Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew and Kimberly Medgyesy appeal the district court's orders granting summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm") and denying their subsequent postjudgment motion. "We review a court's order granting summary judgment de novo." Feldman v. Law Enforcement Assocs. Corp., 752 F.3d 339, 348 (4th Cir. 2014). Summary judgment should be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). With regard to the postjudgment motion, our review is for an abuse of discretion. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). We affirm.

The Medgyesys first argue that the district court erred by concluding State Farm was entitled to a conclusive presumption that it had made them a meaningful offer of underinsured motorist ("UIM") coverage. South Carolina requires automobile insurers to offer optional UIM coverage up to the limits of the insured's liability coverage. S.C. Code Ann. § 38-77-160 (2015). Such an offer must be meaningful. Cohen v. Progressive

N. Ins. Co., 737 S.E.2d 869, 872 (S.C. Ct. App. 2013). If the insurer fails to make a meaningful offer of UIM coverage, a court will reform the policy to include that coverage up to the insured's limits of liability coverage. Id. An insurer is entitled to a conclusive presumption that it made a meaningful offer of UIM coverage if the insured has signed a form that uses a state-approved offer format and meets certain statutory requirements. S.C. Code Ann. § 38-77-350(B) (2015).

The Medgyesys concede that the offer forms used by State Farm followed a state-approved format, were signed by Matthew, and satisfied all of the technical requirements in S.C. Code Ann. § 38-77-350(A) (2015). They argue, however, that the offer forms contain ambiguities caused by the handwritten entries of a State Farm agent. These ambiguities, the Medgyesys reason, should have precluded a finding that State Farm had made a meaningful offer under § 38-77-350.

Under South Carolina law, insurance policies are subject to the formalistic rules of interpretation that are applied to contracts generally. Bell v. Progressive Direct Ins. Co., 757 S.E.2d 399, 406 (S.C. 2014). "It is a question of law for the court whether the language of a contract is ambiguous." Williams v. Gov't Employees Ins. Co., 762 S.E.2d 705, 710 (S.C. 2014) (internal quotation marks omitted). "A contract is ambiguous when it is capable of more than one meaning or when

3

its meaning is unclear." N. Am. Rescue Prods., Inc. v. Richardson, ___ S.E.2d ___, ___, 2015 WL 80900, at *3 (S.C. Jan. 7, 2015). "Whether a contract is ambiguous is to be determined from examining the entire contract, not by reviewing isolated portions of the contract." Williams, 762 S.E.2d at 710. The construction that reasonably gives effect to the whole instrument and each of its parts will be adopted. Yarborough v. Phoenix Mut. Life Ins. Co., 225 S.E.2d 344, 349 (S.C. 1976). Only if the terms of the contract are ambiguous may the court look to extrinsic evidence to determine the parties' intent. C.A.N. Enters., Inc. v. S.C. Health & Human Servs. Fin. Comm'n, 373 S.E.2d 584, 586 (S.C. 1988).

We conclude that the offer forms were not ambiguous. The Medgyesys assert that the offer forms are susceptible to three meanings. However, the offer forms are only reasonably susceptible to the meaning offered by State Farm because only that meaning gives effect to each part of the offer forms. Yarborough, 225 S.E.2d at 349. Accordingly, we conclude that any error in the district court's failure to consider the alleged ambiguity is necessarily harmless.

Next, the Medgyesys claim that the district court erred by not considering whether its decision invites an absurd result, thereby defeating the purpose of South Carolina UIM statutes, and by granting summary judgment when a factual dispute remained

4

over the amount of UIM coverage to which the Medgyesys were entitled. For both of these claims, the Medgyesys rest on the assumption that the offer forms contained ambiguities. Because the offer forms did not contain ambiguities, any errors asserted by the Medgyesys on these grounds would be harmless.

Accordingly, we affirm the decisions of the district court. See United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED